**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BRANDON KEENEY and WILLIAM PAYNE, on behalf of themselves and a collective of similarly situated individuals,<br><br>          Plaintiffs,<br><br>     – against –<br><br>THE CITY OF NEW YORK,<br><br>          Defendant. | No.: 1:25-cv-06933(PAE)(OTW)<br><br>**SECOND AMENDED COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Brandon Keeney and William Payne ("Plaintiffs"), by and through their undersigned counsel Filippatos PLLC, on behalf of themselves and a collective of similarly situated individuals (the "FLSA Collective," as defined in paragraph 2, *supra*), as and for their Second Amended Complaint in this action against the City of New York (the "City" or "New York City"), hereby allege as follows:

## NATURE OF THE CLAIMS

1.      Plaintiffs are former and current employees of Defendant who were employed as "Training Academy Cadets," "Probationary Firefighters," and/or similar positions at the Fire Department of the City of New York ("FDNY") during the statute of limitations periods. Plaintiffs bring this action for a declaratory judgment, back pay, and other relief pursuant to 29 U.S.C. §§206, 207, 211, and 216(b) to remedy the Defendant's willful and unlawful violations of federal law complained of herein.

2.      Plaintiffs bring this action against Defendant as a collective action in accordance with 29 U.S.C. 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and similarly situated persons who trained at the FDNY's Training Academy (the "FDNY Academy") whom the FDNY knew were being required to work significant "off-the-clock-work" before and after their

daily training sessions in the FDNY Academy, and who, after graduating from the FDNY Academy, performed significant "off-the-clock work" before and, at times, after their shifts while working as Probationary Firefighters, and were thus denied minimum wages for all hours worked and overtime wages for all hours worked over 212 hours in a 28-day work period, or a proportional number for shorter work periods, during the statutory period (the "FLSA Collective Period"), and who file consent forms to opt in to or join this action as party plaintiffs (the "FLSA Collective").

3. The Plaintiffs and FLSA Collective are similarly situated because they all performed the same basic duties and assignments as FDNY Academy Cadets, Probationary Firefighters, and/or any other similar positions and were all subject to the City of New York's common policy and practice of causing them to work significant "off-the-clock" work resulting in minimum wage and overtime wage violations pursuant to the FLSA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 28 U.S.C. § 1331 as Plaintiffs allege claims pursuant to the FLSA.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is located within the District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff William Payne is a former FDNY firefighter who resides in New York, New York. At all relevant times, Mr. Payne qualified as an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

7. Plaintiff Brandon Keeney is a former FDNY firefighter who resides in Nassau County, New York. At all relevant times, Mr. Keeney qualified as an "employee" under the FLSA,

29 U.S.C. § 203(e)(1).

8.    At all relevant times hereto, the City was and is, among other things, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. 203(x) and is therefore amenable to suit under the FLSA. The City's principal office is located at Broadway and Park Row, New York, NY 10007.

9.    At all relevant times, Defendant controlled the terms and conditions of Plaintiffs' and the FLSA Collective's employment and qualified as an "employer" and "employed" Mr. Payne, Mr. Keeney, and the FLSA Collective, under all relevant statutes.

## FACTUAL ALLEGATIONS

10.    Plaintiff Payne was employed by Defendants at the FDNY from March 28, 2022, until September 26, 2023. From March 28, 2022, until August 9, 2022, Plaintiff Payne was a FDNY Probationary Firefighter at Randall's Island Fire Academy. Following his graduation on August 9, 2022, Plaintiff Payne joined Ladder 24 as a Probationary Firefighter. Throughout his time at the FDNY, Plaintiff Payne's salary was approximately $55,000

11.    Plaintiff Keeney was employed by Defendant at the FDNY from September 12, 2022, until October 2024. From September 12, 2022, until January 2023, Plaintiff Keeney was a Probationary Firefighter in the FDNY Academy at Randall's Island Fire Academy. Following his graduation from the FDNY Academy, Plaintiff Keeney joined Engine Company 299 as a Probationary Firefighter from January 2023 until May 2023 and then the Bureau of Health Services for FDNY as a Light Duty, Probationary Firefighter from May 2023 to October 2024. In October 2024, Plaintiff Keeney resigned from the FDNY. Throughout his time at the FDNY, Plaintiff Keeney's salary was approximately $44,000.

12.    To be eligible to become an FDNY Academy Fire Cadet, the City of New York

3

requires that candidates graduate from a New York City High School and receive a high school diploma, or if they attended but did not graduate from a New York City High School, a high school equivalency diploma or an educational equivalent that has been approved by the New York State Department of Education. Candidates must be United States citizens and must maintain New York City residency throughout the duration of the program. Additionally, candidates must be at least 18 years old and not above 26 years of age on the date their application is submitted. Candidates must understand and be understood in English and be physically, medically, and psychologically fit.

14.     At the FDNY Academy, at all relevant times, Mr. Payne and Mr. Keeneyworked more than 212 hours in 28-day work period, or a proportional number for shorter work periods, without being paid overtime wages of one and one-half times their regular rate of pay or minimum wages for all hours they worked. In fact, Mr. Payne and Mr. Keeney regularly worked 240 to 280 hours in a 28-day work period, if not more. Indeed, there would be days when Plaintiffs and the FLSA Collective would arrive at training as early as 5:00 a.m. and would not be dismissed until 5:30 p.m. or later. Plaintiffs and the FLSA Collective were required to work these hours to meet their performance expectations and requirements.

15.     Plaintiffs and the FLSA Collective were compensated for only 40 hours of work per week at an approximate hourly rate of $22-$27 and received overtime pay for certain additional hours at a rate of approximately $34-$40.50 per hour.

16.     However, Plaintiffs and the FLSA Collective were not compensated for the "off-the-clock" work that they were required to perform.

17.     Below is a picture of the FDNY Academy's "daily schedule," showing that Plaintiffs were regularly working over 40 hours, without counting overtime work and "off-the-

clock" work. What the schedule fails to show, however, are the substantial "off-the-clock" hours

Plaintiffs were required to spend at the FDNY Academy.



18.     Upon graduating from the FDNY Academy, Plaintiffs found similar protocols

resulting in significant unpaid wages and compensation in place at their respective placements.

19.     Following their graduation from the FDNY Academy, Mr. Payne and Mr. Keeney

became Probationary Firefighters, Mr. Payne at Ladder 24 and Mr. Keeney at Engine Company

299.

20.     To be eligible to become a Probationary Firefighter, the City of New York requires

candidates to pass the Promotion to Firefighter exam, successfully complete the Fire Cadet

Academy, and pass the Candidate Physical Ability Test. Along with meeting these requirements, candidates must also complete the FDNY Academy.

21.    During their time as Probationary Firefighters, Mr. Payne Mr. Keeney and members of the FLSA Collective worked more than 212 hours in a 28-day work period, or a proportional number for shorter work periods, without being paid overtime wages of one and one half their regular rate of pay nor for all hours worked at their normal hourly rate of pay. Indeed, Plaintiffs were regularly required to report to the firehouse two hours before their shifts began and remain at the firehouse for several hours after their shifts ended, time for which they were not compensated.

22.    Accordingly, the City of New York knew that Plaintiffs and members of the FLSA Collective had to work extremely long hours—well over 212 hours in a 28-day work period, or a proportional number for shorter work periods —to complete their work but were not paid overtime wages and/or wages for all hours worked.

23.    In fact, an attorney for the firefighters' union acknowledged to Mr. Payne following Mr. Payne's unlawful termination that the issue of unpaid work was "a global issue" at the FDNY. In other words, the FDNY is and has been on notice that probationary firefighters are required to work without pay, including overtime pay, on a regular basis and knowingly allows this practice to continue uncorrected.

24.    Based on the foregoing, as part of its regular business practices, the City of New York has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy, pattern, and/or practice includes, but is not limited to:

      a.    Willfully failing to pay Plaintiffs and the FLSA Collective overtime wages for hours that they worked in excess of 212

6

hours in a 28-day work period, or a proportionate number for shorter work periods;

b.    Willfully failing to pay Plaintiffs and the FLSA Collective minimum wages for all hours worked in a workweek; and

c.    Willfully failing to pay Plaintiffs and the FLSA Collective minimum and overtime wages in a timely manner.

25.    At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendant's failure to pay them minimum wages for all hours worked and overtime wages for hours worked over 212 hours in a 28-day work period, or a proportional number for shorter work periods.

26.    During the FLSA Collective Period, Defendant was fully aware of the hours and work performed by Plaintiffs and the FLSA Collective, and that a significant portion of that time was not compensated.

27.    As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. §§206 and 207 by not paying Plaintiffs and the FLSA Collective minimum wages for all hours worked and overtime wages for hours worked over 212 hours in a 28-day work period, or a proportional number for shorter work periods.

28.    As a result of Defendant's conduct, Defendant is to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

29.    While the precise number of members of the putative FLSA Collective are unknown, there are well over 100 such members and their precise identities and addresses can be ascertained from Defendant's records.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the FLSA

30.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

31.    Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, 29 U.S.C. §207(k) establishes a partial exemption for fire-protection employees of public agencies and requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of 212 hours in a 28-day work period, or a proportional number for shorter work periods.

32.    Defendant failed to comply with the overtime pay requirements of the FLSA by failing to compensate Plaintiffs and the FLSA Collective for work that they have been suffered or permitted to work in excess of 212 hours in a 28-day work period, or a proportional number for shorter work periods, including before their official start time and/or after the end of their regularly schedule shifts at the FDNY Academy and during their time as Probationary Firefighters.

33.    As a result of Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there has become due and owing to the Plaintiffs and the FLSA Collective an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs and the FLSA Collective are in the exclusive possession, custody, and control of the Defendant and its public agencies and the Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed by the FLSA, 29 U.S.C. §211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other

employment records with respect to the Plaintiffs and the FLSA Collective from which the amount of Defendant's liability can be ascertained.

34.    Pursuant to 29 U.S.C. §216(b), Plaintiffs and the FLSA Collective are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation as alleged herein as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of the FLSA

35.    Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage violation claims as if they were set forth again herein.

36.    Section 206 of the FLSA requires that employers must pay employees at least the applicable federal minimum wage for each hour worked. In particular, 29 U.S.C. §206 requires the minimum wage to be $7.25 per hour.

37.    During all relevant times, Defendant did not pay Plaintiffs and the FLSA Collective minimum wages for all hours worked in a week for Defendant. As a result of Defendant's failure to pay Plaintiffs and the FLSA Collective minimum wages for all hours worked in a workweek, Defendant violated the FLSA.

38.    As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs and the FLSA Collective an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs and the FLSA Collective are in the exclusive possession, custody and control of Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. §211(c), and

various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and the FLSA Collective from which the amount of Defendant's liability can be ascertained.

39.     Pursuant to 29 U.S.C. §216(b), Plaintiffs and the FLSA Collective are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay minimum wages as alleged herein as well as attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### Failure to Pay Overtime Wages in a Timely Manner in Violation of the FLSA

40.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference, all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

41.     The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owed, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. §778.106. Defendant has violated these basic principles by delaying Plaintiffs' and the FLSA Collective's overtime payments for working in excess of 212 hours in a 28-day period, or for a proportional number for shorter work periods,  by failing to pay Plaintiffs and the FLSA Collective overtime altogether, with such delay not being reasonably necessary to compute Plaintiffs' and the FLSA Collective's overtime pay.

42.     As a result of the Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to the Plaintiffs and the FLSA Collective an amount that has not yet been precisely determined. The employment and payroll records for the Plaintiffs and the FLSA Collective are in the exclusive possession, custody and control of

Defendant and its public agencies, and Plaintiffs are unable to state at this time the exact amount owing to them, but from these records, Plaintiffs will be able to ascertain the precise extent of these violations of the FLSA. Defendant is under a duty imposed under the FLSA, 29 U.S.C. §211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and the FLSA Collective from which the amount of Defendant's liability can be ascertained.

43.    Accordingly, as a result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective have been damaged as set forth herein and are entitled to the maximum compensation available under this law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that the Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal law;

B.    Order a complete and accurate accounting of all the compensation to which the Plaintiffs and the FLSA Collective are entitled;

C.    Award damages sustained by Plaintiffs and the FLSA Collective as a result of Defendant's violations of the FLSA and/or its regulations against Defendant and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.    Award Plaintiffs and the FLSA Collective their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and;

E.      Grant Plaintiffs and the FLSA Collective such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of and the FLSA Collective, hereby demand a trial by jury on all issues of fact and damages.

Dated: December 18, 2025
      White Plains, New York

                                      Respectfully submitted,

                                      **FILIPPATOS PLLC**

By: _____
Tanvir H. Rahman
Gabrielle Rosen Harvey
199 Main Street, Suite 800
White Plains, New York 10601
T/F: 914.984.1111
Trahman@filippatoslaw.com
Grosenharvey@filippatoslaw.com

*Counsel for Plaintiffs and the Proposed FLSA Collective*