No. 25-cv-06933 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON KEENEY and WILLIAM PAYNE, on behalf of themselves and a collective of similarly situated individuals,

                                                        Plaintiffs,

- against -

THE CITY OF NEW YORK,

                                                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, 2-146
New York, N.Y. 10007


Of Counsel: Karen Rhau
Tel:  212-356-2475
Matter No.: 2025-007580

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................... 4

POINT I                                                                                      4

PLAINTIFFS FAIL TO STATE A VALID CLAIM UNDER THE FLSA BECAUSE THEIR ALLEGATIONS ARE INSUFFICIENT TO STATE A LEGAL CLAIM ........................................................ 4

A.    Standard Of Review On A Motion To Dismiss Pursuant To FRCP 12(b)(6) ................................................. 4

B.    Plaintiffs Fail to Sufficiently Plead a Minimum Wage Violation ................................................. 5

C.    Plaintiffs Fail To State A Plausible Claim for Unpaid Overtime Compensation ........................................ 6

D.    Plaintiffs' Argument Concerning Failure to Pay Overtime Wages in A Timely Manner In Violation of the FLSA Fails ............................................. 7

E.    Plaintiffs' Claims For A Willful Violation Fail ............................... 8

CONCLUSION........................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009)................................................................................................4, 6

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007)................................................................................................4, 6

Bustillos v. Acad. Bus, LLC,
 No. 13 CIV. 565 AJN, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) ........................7

Dejesus v. HF Mgmt. Servs.,
 LLC, 726 F.3d 85 (2d Cir. 2013) ....................................................................5, 6, 7

DeSilva v. North Shore-Long Island Jewish Health Sys.,
 770 F. Supp. 2d 497 (E.D.N.Y. 2011) ....................................................................6

Johnson v. Priceline.com, Inc.,
 711 F.3d 271 (2d Cir. 2013)...................................................................................4

Lopez-Serrano v. Rockmore,
 132 F. Supp. 3d 390 (E.D.N.Y. 2015) ....................................................................5

Lundy v. Catholic Health System of Long Island,
 711 F.3d 106 (2d Cir. 2013)..........................................................................6, 7, 8

Murray v. City of New York, New York,
 No. 16-CV-8072 (PKC), 2017 WL 3531552 (S.D.N.Y. Aug. 16, 2017)) ............7, 8

Musiello v. CBS Corp.,
 518 F. Supp. 3d 782 (S.D.N.Y. 2021)....................................................................6

Nakahata v. New York-Presbyterian Healthcare System, Inc.,
 723 F.3d 192 (2d Cir. 2018)...................................................................................6

Perkins v. 199 SEIU United Healthcare Workers E.,
 73 F. Supp. 3d 278 (S.D.N.Y. 2014).......................................................................7

Rosenbaum v. Meir,
 658 F. Supp. 3d 140 (E.D.N.Y. 2023) ....................................................................8

Walz v. 44 & X Inc.,
 No. 12 Civ. 5800 (CM), 2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. Nov. 7,
 2012) ........................................................................................................................7

**Statutes**

28 U.S.C. § 1331......................................................................................................................1

28 U.S.C. § 1441......................................................................................................................1

29 U.S.C. § 206...................................................................................................................1, 4

29 U.S.C. § 206(a) ..................................................................................................................5

29 U.S.C. § 207...................................................................................................................1, 4

29 U.S.C. § 216(b) ..................................................................................................................1

Fed. R. Civ. P. 12(b)(6).......................................................................................................2, 4

FLSA...........................................................................................................3, 4, 5, 6, 7, 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| BRANDON KEENEY and WILLIAM PAYNE, | DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |
|           Plaintiffs, | |
|       -against- | |
| THE CITY OF NEW YORK, | |
|           Defendant. | 25-cv-06933 (PAE) |

------------------------------------------------------------------------X

## **PRELIMINARY STATEMENT**

Plaintiffs Brandon Keeney and William Payne (collectively, "Plaintiffs"), former probationary firefighters of the New York City Fire Department ("FDNY"), bring this putative collective action alleging that Defendant, the City of New York ("City") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and 216(b), by failing to compensate them and similarly situated employees for alleged "off-the-clock" work performed before and after their scheduled shifts at the FDNY Training Academy and during subsequent probationary assignments. See Second Amended Complaint (hereinafter "SAC.") ¶ 2. Plaintiffs assert claims for unpaid minimum wages, unpaid overtime for hours worked, and untimely payment of wages.

On January 21, 2025, Plaintiffs commenced this suit in the Supreme Court of the State of New York, County of New York asserting various wage-related claims under the New York Labor Law. See Keeney, Payne v. City of New York, Index No. 150957/2025, NYSCEF Doc. No. 1. On August 1, 2025, Plaintiffs filed an amended complaint asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 216(b). See id., NYSCEF Doc. No. 16. On August 21, 2025, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. See ECF Dkt. Nos. 1, 2. On November 19, 2025 Defendant filed a motion to dismiss and Plaintiff then filed the SAC on December 19, 2025. See ECF Dkt. Nos. 13, 19.

Even at their third attempt, Plaintiffs' claims fail as a matter of law. Plaintiffs' SAC should be dismissed because it relies on conclusory assertions rather than factual allegations required to state a plausible claim under the law. Although Plaintiffs allege that Defendant failed to pay minimum wages, overtime wages, and timely compensation, the SAC does not plead the basic facts necessary to support these claims, and consequently, the SAC should be dismissed entirely pursuant to Federal Rules of Civil Procedure 12(b)(6).

### STATEMENT OF RELEVANT FACTS[1]

Plaintiff William Payne was employed by the FDNY from March 28, 2022 to September 26, 2023. See SAC ¶ 10. From March 28, 2022 to August 9, 2022, Plaintiff Payne was a FDNY Probationary Firefighter at the Randall's Island Fire Academy (hereinafter "Academy"). Id. On August 9, 2022, upon graduation from the Academy, Plaintiff Payne was assigned to Ladder 24 as a probationary firefighter earning a salary of approximately $55,000. Id.

Plaintiff Brandon Keeney was employed by the FDNY from September 12, 2022 until October 2024. Id. ¶ 11. From September 12, 2022 to January 2023, Plaintiff Keeney was a Probationary Firefighter at the Academy. Id. After graduating in January 2023, and continuing until May 2023, Plaintiff Keeney joined Engine Company 299 as a full duty Firefighter. Id. Plaintiff Keeney was later employed as a light duty Probationary Firefighter from May 2023 until October 2024, when he resigned from the FDNY. Id. Plaintiff Keeney earned a salary of approximately $44,000 during his time at the FDNY. Id.

Plaintiffs allege that during their training at the FDNY Academy, they regularly worked more than 212 hours in a 28-day work period or a proportional number for shorter work periods,

---

[1] This statement of facts is derived from the allegations in the SAC herein and the material allegations set forth therein are assumed to be true for purposes of this motion to dismiss only.

2

without being paid overtime wages of one and one-half times their regular rate of pay or minimum wages for all hours they worked. Id. ¶ 14. According to Plaintiffs, they regularly worked 240-280 hours in a 28-day work period, if not more. Id. Plaintiffs and the putative FLSA Collective would arrive as early as 5:00 a.m. and leave as late as 5:30 p.m. or later. Id. Plaintiffs and the putative FLSA Collective were paid for 40 hours per week at hourly rates of approximately $22-$27 and received some overtime pay at approximately $34-$40.50 per hour. Id. ¶ 15. Plaintiffs broadly contend that the Defendant failed to compensate them for the "off-the-clock" work they were required to perform. Id. ¶ 16.

After graduation, Plaintiffs claim that similar uncompensated work occurred when they were required to report early and stay beyond their scheduled tours of duty. Id. ¶ 18. During their time as probationary firefighters, Plaintiffs and the putative FLSA Collective worked more than 212 hours in a 28-day work period, or a proportional number for shorter work periods, without being paid overtime wages of one and one half their regular rate of pay nor for all hours worked at their normal hourly rate of pay. Id. ¶ 21. Plaintiffs had to report to the firehouse two hours before their shifts began and stayed at the firehouse for several hours after their shifts ended. Id. ¶ 21. As a result, Plaintiffs claim Defendant City of New York knew that Plaintiffs and the putative FLSA Collective had to work extremely long hours, but were not paid for all of the hours worked. Id. ¶ 22. Based upon the City's knowledge of Plaintiffs being required to work without pay, Plaintiffs allege that Defendant City "intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy" of violating the Plaintiffs' rights, and the rights of the FLSA Collective under the FLSA. Id. ¶ 24. According to Plaintiffs, the policy, pattern, and/or practice includes:

(a) Willfully failing to pay Plaintiffs and the FLSA Collective overtime wages for hours that they worked in excess of 212 hours in a 28-day work period, or a proportionate number for shorter work periods:

(b) Willfully failing to pay Plaintiffs and the FLSA Collective minimum wages for all hours worked in a workweek; and

(c) Willfully failing to pay Plaintiffs and the FLSA Collective minimum and overtime wages in a timely manner.  Id.

Consequently, Plaintiffs allege Defendant has violated their rights under 29 U.S.C.  §§ 206 and 207. Id. ¶ 27.

**ARGUMENT**

**POINT I**

**PLAINTIFFS FAIL TO STATE A VALID CLAIM UNDER THE FLSA BECAUSE THEIR ALLEGATIONS ARE INSUFFICIENT TO STATE A LEGAL CLAIM**

**A.    Standard Of Review On A Motion To Dismiss Pursuant To FRCP 12(b)(6)**

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must allege sufficient facts . . . to state a plausible claim for relief." Johnson v. Priceline.com, Inc.,  711 F.3d 271, 275 (2d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007).  In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.  To survive a motion to dismiss, a plaintiff must still plead sufficient facts to state a claim that is plausible on its face.  See id.

Pleadings that contain "no more than conclusions ... are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss. Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87–88 (2d Cir. 2013).

**B.      Plaintiffs Fail to Sufficiently Plead a Minimum Wage Violation**

Plaintiffs allege that Defendant did not pay them the minimum wages for all hours worked in a week.  See SAC ¶ 37.  According to the FLSA, employers must pay each of their employees a minimum of $7.25 an hour.  See 29 U.S.C. § 206(a).  An employee cannot state a claim for a minimum wage violation "unless [his] average hourly wage falls below the federal minimum wage." Lopez-Serrano v. Rockmore, 132 F. Supp. 3d 390, 402 (E.D.N.Y. 2015).  The hourly wage is determined by "dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." Id. at 402.  To state a FLSA minimum wage claim, "it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." Id.

The SAC claims in conclusory fashion that Plaintiffs and the FLSA collective were denied "minimum wages for all hours worked." See SAC ¶¶ 2, 14, 24, 25, 27. However, there is no specific allegation concerning the compensation Plaintiffs earned during a particular workweek, and so there would be no way for this Court to determine whether Plaintiffs' pay met the federal minimum wage requirement.  In fact, Plaintiffs allege in their SAC that they "were compensated for only 40 hours of work per week at an hourly rate of $22-$27 and received overtime pay for certain additional hours at a rate of approximately $34-$40.50 per hour."  This is more than the federal minimum wage.  Even assuming Plaintiffs worked at least 212 hours in a 28-day work period, as they have alleged, their hourly rate would still exceed the federal minimum wage: Payne earned $55,000 annually making his hourly rate approximately $20, and

Keeney earned $44,000, making his hourly rate approximately $16. See SAC ¶ 15. The hourly rates alleged by the Plaintiffs, in the aforementioned scenarios are far more than the federal minimum wage of $7.25, and therefore, the Plaintiffs cannot state a minimum wage claim.

**C.      Plaintiffs Fail To State A Plausible Claim for Unpaid Overtime Compensation**

Here, the unpaid overtime wage claim must be dismissed for the simple fact that Plaintiffs broad conclusory allegations about Defendant failing to pay Plaintiffs overtime wages for hours worked more than 212 hours in a 28-day work period, without any other factual information, is insufficient to plead a violation of the FLSA for overtime pay. See SAC ¶¶ 25, 27. This is the type of bare-bones pleading that the Second Circuit, has repeatedly deemed insufficient to survive a motion to dismiss. See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555; Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 113-15 (2d Cir. 2013); DeJesus, 726 F.3d at 89 (dismissing complaint where the plaintiff alleged that "in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation"); Nakahata v. New York-Presbyterian Healthcare System, Inc., 723 F.3d 192, 201 (2d Cir. 2018) (finding the complaint insufficient where "[p]laintiffs have merely alleged that they were not paid for overtime hours worked"); DeSilva v. North Shore-Long Island Jewish Health Sys., 770 F. Supp. 2d 497, 507-510 (E.D.N.Y. 2011) (allegation that plaintiffs "regularly worked hours . . . in excess of forty per week" was "boilerplate" and warranted dismissal); Musiello v. CBS Corp., 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) ("[A]s the Second Circuit has repeatedly emphasized, a generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime, or by how many hours for any specific workweek is insufficient.").

6

In support of their overtime wage claim, Plaintiffs only allege that they worked more than 212 hours in 28-day work period, without being paid overtime wages of one and one-half times their regular rate of pay. See SAC ¶ 14. Plaintiffs failed to provide specific information such as when they worked the overtime but were not paid for it. They also failed to describe the types of tasks performed during their overtime hours. Plaintiffs' generalized claims of working more than 212 hours in a 28-day work period are insufficient. See Perkins v. 199 SEIU United Healthcare Workers E., 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (dismissing plaintiff's FLSA overtime wage claim where plaintiff failed to specify a specific week he worked where he was not compensated for overtime hours); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013). ("Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute."); Bustillos v. Acad. Bus, LLC, No. 13 CIV. 565 AJN, 2014 WL 116012, at *1 (S.D.N.Y. Jan. 13, 2014) (plaintiff's allegation that his schedule "varied" and that he "would regularly work from 60 to 90 hours per week" did not suffice under Lundy and its progeny); Walz v. 44 & X Inc., No. 12 Civ. 5800 (CM), 2012 U.S. Dist. LEXIS 161382, at *12-13 (S.D.N.Y. Nov. 7, 2012) (dismissing FLSA claim where the "complaint merely alleges that 'Plaintiffs often worked in excess of forty (40) hours a week' and Defendants did not pay them time-and-a-half, as required by the FLSA," and "Plaintiffs do not provide an estimate of how often they worked overtime or for how many hours, nor do they provide the time frame for when these unpaid hours were earned").

**D.      Plaintiffs' Argument Concerning Failure to Pay Overtime Wages in A Timely Manner In Violation of the FLSA Fails**

Like their minimum wage and failure to pay overtime wage arguments, Plaintiffs failure to pay overtime wages in a timely manner argument also fails because their SAC does not have the requisite specificity regarding this claim. "Payment may not be delayed for a period

7

longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made." Murray v. City of New York, New York, No. 16-CV-8072 (PKC), 2017 WL 3531552, at *4 (S.D.N.Y. Aug. 16, 2017) (finding only one plaintiff had sufficiently alleged a delayed payment claim where the plaintiff was alleged to have worked one hour of overtime beyond scheduled shift on February 29, 2016 but was not paid for this time until April 8, 2016. No other plaintiff had this level of specificity).

Here, there are no factual allegations whatsoever regarding the alleged delay in payment. Unlike the one plaintiff in Murray, Plaintiffs here, do not allege dates on which they worked their overtime, or any dates on which they were paid for that overtime, let alone showing facts showing that Defendant failed to pay Plaintiffs in a timely manner. Nor do Plaintiffs allege that Defendant missed overtime payments without any legitimate business reason, or that any missed payment was unreasonable. Without such factual allegations, Plaintiffs fail to state a plausible FLSA claim based on delayed payment. See Rosenbaum v. Meir, 658 F. Supp. 3d 140, 148 (E.D.N.Y. 2023) (finding plaintiff sufficiently alleged FLSA's claim of prompt payment when he alleged enough details showing how defendants missed payments on multiple occasions without a legitimate business reason, and that the missed payments were unreasonable.).

As such, the delayed payment claims asserted by Plaintiffs are insufficiently pled and warrant dismissal.

**E.    Plaintiffs' Claims For A Willful Violation Fail**

Plaintiff's conclusory claims that Defendant's alleged failures to comply with FLSA were "willful" and therefore would entitle them to liquidated damages, also fail for the same reasons as discussed above. See SAC ¶¶ 28, 34, 39. Generic allegations which amount to conclusions of law are contrary to the Iqbal/Twombly plausibility standard. The "bare bones"

nature of the SAC is particularly deficient under the detailed standard set forth in <u>Lundy</u> and its progeny. Consequently, no willful violation should be found, and the SAC should be dismissed in its entirety.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant their motion to dismiss the SAC with prejudice and grant any such other and further relief that this Court deems just and proper.

Dated:      New York, New York
           January 29, 2026

Respectfully submitted,

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Room 2-118
New York, New York 10007
(212) 356-2434

By:    /s/  *Karen K. Rhau*
        Karen K. Rhau
        Senior Corporation Counsel

9

**CERTIFICATION**

I hereby certify that the enclosed brief is produced using 12-point Times New Roman type and the total number of words in the foregoing document including footnotes and exclusive of the caption, table of contents, table of authorities, and signature block, is 2,569 according to the "Word Count" function of Microsoft Word, the word processing system used to prepare the document, and thus that the document complies the word count limit set forth not to exceed 8,750 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated:      New York, New York
            January 29, 2026


                                    /s/ Karen K. Rhau
                                    Karen K. Rhau
                                    Assistant Corporation Counsel

10