**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BRANDON KEENEY and WILLIAM PAYNE, on behalf of themselves and a collective of similarly situated individuals,

        Plaintiffs,

        – against –

THE CITY OF NEW YORK,

        Defendant.

Case No.: 1:23-cv-06933(PAE)(OTW)

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Tanvir H. Rahman
Gabrielle Rosen Harvey
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, New York 10601
T/F: 914.984.1111, ext. 505
TRahman@filippatoslaw.com
GRosenharvey@filippatoslaw.com

*Counsel for Plaintiffs and Proposed FLSA Collective*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................iii

PRELIMINARY STATEMENT.......................................................................................... 1

STATEMENT OF RELEVANT FACTS............................................................................. 2

    A.    Plaintiffs' Employment with the FDNY ............................................................. 2

    B.    At the FDNY Academy, Plaintiffs and the Collective Were Required to Work Extreme Hours, Including Substantial Off-the-Clock Work ................................................ 2

    C.    After Graduation, the Same Unpaid Work Continued During Probationary Assignments. 3

    D.    The City was on Notice of Overtime Non-Payment............................................ 3

PROCEDURAL BACKGROUND....................................................................................... 4

STANDARD ....................................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

    A.    Plaintiffs' State a Plausible Claim for Unpaid Overtime Compensation ............ 5

    B.    Defendant's Violation Was Willful ................................................................... 8

CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662, 678 (2009) ................................................................................................ 4

*Butt v. HF Mgmt. Servs., LLC*,
726 F.3d 85, 90 (2d Cir. 2013) ...................................................................................... 6

*Collison v. WANDRD, LLC,*
737 F. Supp. 3d 231, 238-39 (S.D.N.Y. 2024) .......................................................... 5, 6

*Dejesus v. HF Mgmt. Servs.*, LLC,
726 F.3d 85, 90 (2d Cir. 2013) ...................................................................................... 6

*DeSilva v. North Shore-Long Island Jewish Health Sys.*,
770 F. Supp. 2d 497, 507-510 (E.D.N.Y. 2011) ........................................................... 8

*Herrera v. Comme des Garcons*, Ltd.,
84 F.4th 110, 113 (2d Cir. 2023)) .............................................................................. 6, 9

*Humphrey v. RAV Investigative & Sec. Servs. Ltd.*,
169 F. Supp. 3d 489, 497 (S.D.N.Y. 2016) ................................................................... 9

*In re Initial Pub. Offering Sec. Litig.*,
383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) ................................................................... 5

*Kuebel v. Black & Decker Inc.*,
643 F.3d 352, 366 (2d Cir. 2011) ................................................................................ 10

*Leon v. Port Wash. Union Free Sch. Dist.*,
49 F. Supp. 3d 353, 358 (E.D.N.Y. 2014) .................................................................... 7

*Lundy v. Cath. Health Sys. of Long Island Inc.*,
711 F.3d 106, 114-15 (2d. Cir. 2013) ........................................................................... 8

*Menaker v. Hofstra Univ.*,
935 F.3d 20, 30 (2d Cir. 2019) ...................................................................................... 5

*Mendez v. U.S. Nonwovens Corp.*,
2 F. Supp. 3d 442, 2014 U.S. Dist. LEXIS 28451, 2014 WL 860328, *14 (E.D.N.Y. 2014) ..... 7, 9

*Musiello v. CBS Corp.*,
518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) ................................................................... 8

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
723 F.3d 192, 201 (2d Cir. 2013) ................................................................................. 8

*Perez v. City of New York*,
No. 12 Civ. 4914 (PAE), 2017 U.S. Dist. LEXIS 159473, at *61-62 (S.D.N.Y. Sept. 27, 2021). 11

*Perry v. City of New York*,
78 F. 4th 502, 520 (2d Cir. 2023) .................................................................... 10, 11, 12

*Perry v. City of New York,*
No. 13 Civ. 1015 (JMF) 2013, U.S. Dist. LEXIS 177396, at *43 (S.D.N.Y. Dec. 17, 2013)......... 9

*Red Fort Cap., Inc. v. Guardhouse Prods. LLC,*
*397 F. Supp.* 3d 456, 472 (S.D.N.Y. 2019).................................................................. 5

*Whiteside v. Hover-Davis, Inc.*,
995 F.3d 315, 322 (2d Cir. 2021) ............................................................................. 10

**Statutes**

29 C.F.R. § 778.106 .............................................................................................. 8

29 U.S.C. § 206.................................................................................................... 8

29 U.S.C. § 207(k) ....................................................................................... 8, 9, 10

Plaintiffs Brandon Keeney and William Payne, on behalf of themselves and a collective of similarly situated individuals (the "FLSA Collective"), submit this memorandum of law in opposition to Defendant The City of New York's (the "City") motion to dismiss the Plaintiffs' Second Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiffs Brandon Keeney and William Payne bring this collective action because the City of New York required them and other similarly situated FDNY Academy cadets and probationary firefighters to perform significant "off-the-clock" work, then failed to pay them for that work. At the FDNY Academy, Plaintiffs allege that they routinely worked far beyond the hours for which they were compensated, including regularly working 240 to 280 hours in a 28-day work period, arriving as early as 5:00 a.m. and not being dismissed until 5:30 p.m. or later, while being paid for just *eight* of those hours. Yet, despite these extreme demands, Plaintiffs were compensated for only 40 hours per week, while being required to perform substantial additional work that went uncompensated.

The City's motion attempts to recast these allegations as "bare-bones" and invites the Court to treat the pleading stage as a demand for payroll-level precision that is uniquely within the City's control. That framing ignores what Plaintiffs actually allege: that the City imposed schedules and expectations that required substantial pre- and post-shift work, both at the Academy and after graduation, and that this unpaid work was not occasional, but part of a common practice affecting many firefighters within the FDNY. Plaintiffs further allege that the City knew probationary firefighters were required to work these uncompensated hours and allowed the practice to continue uncorrected.

1

On the facts pleaded, Plaintiffs have more than plausibly alleged that the City required significant uncompensated work, knew it was occurring, and failed to pay overtime and wages for all hours worked as required by federal law. For these reasons, the City's motion to dismiss should be denied.

## STATEMENT OF RELEVANT FACTS

**A.      Plaintiffs' Employment with the FDNY**

Plaintiff Brandon Keeney was employed by the FDNY from September 12, 2022, through October 2024. *See* SAC ¶ 11. From September 12, 2022, until January 2023, Mr. Keeney served as a probationary firefighter in the FDNY Academy at the Randall's Island Fire Academy. *See* SAC ¶ 11. After graduating from the FDNY Academy, he joined Engine Company 299 as a probationary firefighter from January 2023 until May 2023 and then worked at the Bureau of Health Services for the FDNY as a light-duty probationary firefighter from May 2023 through October 2024. *See* SAC ¶ 11. Mr. Keeney resigned in October 2024, and throughout his time at the FDNY, his salary was approximately $44,000. *See* SAC ¶ 11.

Plaintiff William Payne was employed by the FDNY from March 28, 2022, through September 26, 2023. *See* SAC ¶ 10. From March 28, 2022, until August 9, 2022, Mr. Payne served as a probationary firefighter at the Randall's Island Fire Academy, and following his graduation at the FDNY, Mr. Payne's salary was approximately $55,000. *See* SAC ¶ 10.

**B.      At the FDNY Academy, Plaintiffs and the Collective Were Required to Work
Extreme Hours, Including Substantial Off-the-Clock Work**

At the FDNY Academy, Plaintiffs worked more than 212 hours in a 28-day work period, or a proportional number for shorter work periods, without being paid overtime wages of one and one-half times their regular pay for all hours worked. *See* SAC ¶ 14. Plaintiffs regularly worked 240 to 280 hours in a 28-day work period, if not more. *See* SAC ¶ 14. There were days when

Plaintiffs and members of the collective arrived at training as early as 5:00 a.m. and were not dismissed until 5:30 p.m. or later. *See* SAC ¶ 14.

Despite these demands, Plaintiffs were compensated for only 40 hours of work per week at an approximate hourly rate of $22 to $27 and received overtime pay only for certain additional hours worked at approximately $34 to $40.50 per hour. *See* SAC ¶ 15. Plaintiffs were not compensated for "off-the-clock" work that they were required to perform on a regular basis. *See* SAC ¶ 16.

## C. After Graduation, the Same Unpaid Work Continued During Probationary Assignments

Upon graduating from the FDNY Academy, Plaintiffs encountered similar protocols that resulted in significant unpaid wages and compensation at their respective placements. *See* SAC ¶ 18. During their time as probationary firefighters, Plaintiffs and members of the collective worked more than 212 hours in a 28-day period, or a proportional number for shorter work periods, without being paid overtime wages of one and one-half times their regular rate of pay and without being paid for all hours worked. *See* SAC ¶ 21. Plaintiffs were regularly required to report to the firehouse two hours before their shifts began and remain at the firehouse for several hours after their shifts ended, time for which they were not compensated. *See* SAC ¶ 21.

## D. The City was on Notice of Overtime Non-Payment

The City knew Plaintiffs and members of the collective had to work extremely long hours, well over 212 hours in a 28-day work period or a proportional number for shorter work periods, to complete their work, yet were not paid overtime wages or wages for all hours worked. *See* SAC ¶ 22. Indeed, an attorney for the firefighters' union acknowledged to Mr. Payne that unpaid work was a "global issue" at the FDNY. *See* SAC ¶ 23. Thus, the FDNY was on notice that probationary firefighters were required to work overtime hours without proper pay on a regular basis.

Based on this conduct, the City willfully violated the FLSA with respect to the Plaintiffs and the Collective, including by failing to pay overtime wages for all hours worked in excess of 212 hours in a 28-day work period. *See* SAC ¶¶ 24-27.

## PROCEDURAL BACKGROUND

On January 21, 2025, Plaintiffs Keeney and Payne, on behalf of themselves and all other similarly situated persons, filed a complaint in the Supreme Court of the State of New York. On August 21, 2025, the case was removed to the Southern District of New York. *See* Dkt. 2. On November 19, 2025, Defendant filed its first Motion to Dismiss. *See* Dkt. 12. On December 19, 2025, Plaintiffs filed their Second Amended Complaint ("SAC"), which is now the operative complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), for failure to pay overtime wages pursuant to 29 U.S.C. § 207(k), failure to pay wages in a timely manner pursuant to 29 C.F.R. § 778.106, and failure to pay minimum wage pursuant to 29 U.S.C. § 206.[1] On January 29, 2026, Defendant filed its second Motion to Dismiss Plaintiffs' SAC. *See* Dkt. 22. In accordance with the Court's order concerning the briefing schedule (*see* Dkt. 25), Plaintiff hereby timely opposes the instant motion.

## STANDARD

A complaint will survive a motion to dismiss so long as it "contain[s] sufficient factual matter…to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making that assessment, courts accept the plaintiffs' factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019). The role of a court in ruling on a motion to dismiss

---

[1]     In light of the City's positions, Plaintiffs will voluntarily dismiss their first cause of action for minimum-wage violations and their third cause of action for failure to pay wages in a timely manner.

4

is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005). The court is concerned solely with the adequacy of the factual allegations in a complaint at the motion to dismiss stage, as such a "party is not required to identify the substantive legal basis for its claim." *Red Fort Cap., Inc. v. Guardhouse Prods. LLC, 397 F. Supp. 3d 456, 472 (S.D.N.Y. 2019).*

## **ARGUMENT**

### A.    **Plaintiffs' State a Plausible Claim for Unpaid Overtime Compensation**

Plaintiffs have stated a plausible claim for unpaid overtime compensation under the FLSA, 29 U.S.C. §207(k). This Court has held that "'to plead a plausible FLSA overtime claim, the plaintiff must provide sufficient detail about the length and frequency of his unpaid work to support a reasonable inference that he worked more than forty hours in a given week.'"[2] *See Collison v. WANDRD, LLC*, 737 F. Supp. 3d 231, 238-39 (S.D.N.Y. 2024) (quoting *Butt v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)).  In the §207(k) context, the same pleading principle requires facts supporting a reasonable inference that Plaintiffs exceeded the applicable 212-hour threshold in a 28-day work period. Importantly, "'[d]etermining whether a plausible claim has been pled is a context-specific task that requires the reviewing court to draw on its judicial experiences and common sense.'" *See Collison*, 737 F. Supp. 3d at 238-39 (quoting *Herrera v. Comme des Garcons*, Ltd., 84 F.4th 110, 113 (2d Cir. 2023). "[T]his Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision[.]" *See Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013).

---

[2]    Because Plaintiffs were firefighters, the relevant overtime threshold is not a standard forty-hour workweek; it is overtime after 212 hours in a twenty-eight-day work period. *See* 29 U.S.C. § 207(k).

Defendant cites cases that are readily distinguishable from the present case. Most notably, in *Dejesus,* the Second Circuit dismissed the complaint because the plaintiff did not "estimate her hours in any or all weeks or provide any other factual context or content[]" and "her complaint was devoid of any numbers to consider beyond those plucked from the statute." *See Dejesus*, 726 F.3d at 89. This is not the case here. Here, Plaintiffs have pleaded "sufficiently detailed factual allegations" to overcome the Defendant's motion to dismiss. Specifically, the SAC pleads the dates of each Plaintiff's employment as a Probationary Firefighter in the FDNY Academy, alleging that Plaintiff Payne worked from March 28, 2022, until August 9, 2022, and Plaintiff Keeney worked from September 12, 2022, until January 2023. *See* SAC ¶¶ 10-11. The SAC then pleads concrete hour estimates, alleging that Plaintiffs "regularly worked 240 to 280 hours in a 28-day work period, if not more" during their time as Probationary Firefighters in the FDNY Academy. *Id.* ¶14. The SAC also pleads specific start and end times, alleging that Plaintiffs were required to report to work as early as 5:00 a.m. and would not be dismissed until 5:30 p.m. or later. *See id.* These allegations are not a formulaic recitation of the statute. They provide the precise factual context that was missing in *Dejesus* and plausibly allege uncompensated overtime in excess of the applicable §207(k) threshold.

Furthermore, to the extent defendant argues that plaintiff did not "describe the types of tasks performed during their overtime hours[,]" that is not the pleading standard. *See Leon v. Port Wash. Union Free Sch. Dist.*, 49 F. Supp. 3d 353, 358 (E.D.N.Y. 2014) (denying motion to dismiss FLSA overtime claim where plaintiff alleged she regularly worked forty hours per week, and provided estimates of how much additional time she worked each week, making no mention of tasks performed while working overtime); *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 2014 U.S. Dist. LEXIS 28451, 2014 WL 860328, *14 (E.D.N.Y. 2014) (denying motion to dismiss

6

overtime claims where plaintiffs alleged they were regularly scheduled to work more than forty hours a week, but did not describe tasks done while working additional hours).

Notably, Defendant's remaining authorities are equally distinguishable and, if anything, reinforce that the present SAC is well-pleaded. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114-15 (2d. Cir. 2013) (affirming dismissal where plaintiffs pleaded only "typical" and "occasional" uncompensated time but did not allege a single qualifying week in which unpaid work exceeded the overtime threshold and did not allege overtime was unpaid in the weeks with extra shifts); *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (affirming dismissal where plaintiffs alleged only general categories of unpaid work (meal breaks, pre and post-shift, and trainings) without sufficient detail about length and frequency to support a reasonable inference of overtime in any qualifying weeks); *DeSilva v. North Shore-Long Island Jewish Health Sys.*, 770 F. Supp. 2d 497, 507-510 (E.D.N.Y. 2011) (dismissing a boilerplate overtime pleading where plaintiffs failed to approximate overtime hours and failed to allege facts showing when or how alleged unpaid work resulted in compensable overtime); *Musiello v. CBS Corp.*, 518 F. Supp. 3d 782, 794 (S.D.N.Y. 2021) (dismissing the overtime claim where the FAC alleged only that plaintiff worked more than forty hours per week over a multi-year period and was denied overtime, but did not allege what workweek(s) she worked overtime or by how many hours).

By contrast, Plaintiffs' allegations resemble the type of concrete scheduling and hour estimates that the Second Circuit has found sufficient to plead an FLSA overtime violation claim. *See Perry v. City of New York,* No. 13 Civ. 1015 (JMF) 2013, U.S. Dist. LEXIS 177396, at *43 (S.D.N.Y. Dec. 17, 2013) (in finding that FDNY EMT plaintiffs plausibly alleged unpaid overtime, the court held that the "Second Circuit has made clear that plaintiffs are not required to provide an

approximation of uncompensated overtime in order to survive a motion to dismiss FLSA overtime claims." Rather, while an approximation of hours is not required at the pleading stage, it "may help draw a plaintiff's claim closer to plausibility.") (citations omitted); *see also Herrera*, 84 F.4th at 114-15 (finding plausibility where plaintiffs alleged regularly scheduled hours totaling 43.75-45 hours per week, plus approximately five additional hours per week from early arrivals and late departures); *see also Mendez v. United States Nonwovens Corp.*, 2 F. Supp. 3d 442, 456-57 (E.D.N.Y. 2014) (finding FLSA overtime allegations sufficient, and distinguishing from *Lundy, Nakahata,* and *Dejesus*, where plaintiffs alleged they were regularly scheduled to work more than forty hours per week with specifics as to hours worked per week); *Humphrey v. RAV Investigative & Sec. Servs. Ltd.*, 169 F. Supp. 3d 489, 497 (S.D.N.Y. 2016) (finding an FLSA overtime claim plausibly pleaded where plaintiff alleged he had scheduled workweek of four ten-hour shifts but was required to arrive early to each shift, and that uncompensated early-arrival time averaged about 2.5 hours per week). For these reasons, Plaintiffs assert a plausible FLSA overtime violation claim against Defendant.

## B.      Defendant's Violation Was Willful

Defendant's argument to dismiss Plaintiffs' allegation that their FLSA violations were willful is bizarre and, tellingly, not supported by any authority. *See* Dkt. No. 23, at 8-9. Willfulness is not a separate cause of action, but an element of proof that determines whether a two- or three-year statute of limitations applies to FLSA claims. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 322 (2d Cir. 2021) (explaining that willfulness operates as an independent element of claims for willful violation of the FLSA—a subset of FLSA claims pursuant to which an employer is subject to heightened liability."). An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act.'" *See*

8

*Perry v. City of New York*, 78 F. 4th 502, 520 (2d Cir. 2023) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)). As such, the issue of whether the City's alleged FLSA violations were willful is plainly an issue of fact as to an employer's knowledge or recklessness normally left to a jury to decide, and not an issue disposable at the pleadings stage. *See Perry*, 78 F.4th at 520 (holding that the "line between 'unreasonable' and 'reckless' conduct is *for the jury to draw*.") (emphasis added).

Even if this was an issue that can be dispositively decided at the pleadings stage (which it is not), dismissal of Plaintiffs' willfulness allegation here is inappropriate where the SAC plausibly and amply alleges facts supporting an inference that the City knew of or recklessly disregarded its FLSA obligations. In *Perry*, the Second Circuit upheld the jury's willfulness finding where the City had notice of non-payment of its FLSA obligations yet "did little to fix the problem." *Id.* at 522. Here, the SAC alleges the same type of notice and inaction. For instance, the SAC alleges that "an attorney for the firefighters' union acknowledged to Mr. Payne…that the issue of unpaid work was a 'global issue' at the FDNY." *See* SAC ¶ 23. If an attorney representing the firefighters' union describes the unpaid, off-the-clock work that firefighters performed as a "global issue," then, as in *Perry*, surely the City had notice as well, yet failed to fix the problem. Further, the sheer excessive volume and nature of the off-the-clock work performed by firefighters – i.e., four or more unpaid hours *each and every* day at the Academy (*see* SAC ¶ 14) – suggests that this practice was not hidden or a secret but well known and sanctioned. *See Perez v. City of New York,* No. 12 Civ. 4914 (PAE), 2017 U.S. Dist. LEXIS 159473, at *61-62 (S.D.N.Y. Sept. 27, 2021) (denying defendants' motion for partial summary judgment where record evidence created genuine dispute whether defendants knew or had reason to know plaintiffs worked unreported overtime, including testimony that supervisors observed plaintiff working "before and after [his] scheduled tour" on

9

regular basis). Those allegations support a plausible inference that the City either knew that its pay practices violated the FLSA or, at a minimum, acted with reckless disregard as to whether they did. *See Perry,* 78 F.4th at 520.

Because Plaintiffs have pleaded facts from which willfulness may reasonably be inferred, Defendant's attempt to foreclose the three-year limitations period at this stage should be rejected.

## CONCLUSION

For the reasons set forth herein, Plaintiffs Keeney and Payne respectfully request that the Court deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. To the extent the Court is inclined to grant Defendant's motion as to Plaintiffs' unpaid overtime claim, Plaintiffs respectfully request leave to amend their SAC to cure any possible deficiencies, particularly since the City did not raise these specific arguments in its initial motion to dismiss.  *See* Dkt. No. 13.

Dated: February 27, 2026
          White Plains, New York

                                          Respectfully Submitted,


                                          **FILIPPATOS PLLC**

                                          By: _____
                                          Tanvir Rahman
                                          Gabrielle Rosen Harvey
                                          199 Main Street, Suite 800
                                          T/F: 914.984.1111
                                          TRahman@filippatoslaw.com
                                          GRosenharvey@filippatoslaw.com

                                          *Counsel for Plaintiffs and the
                                          Proposed FLSA Class*

10