No. 25-cv-06933 (PAE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON KEENEY and WILLIAM PAYNE, on behalf of themselves and a collective of similarly situated individuals,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, 2-146
New York, N.Y. 10007

Of Counsel: Karen Rhau
Tel: (212) 356-2475
Matter #: 2025-007580

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

      POINT I

            PLAINTIFFS STILL FAIL TO STATE A VALID CLAIM UNDER THE FLSA BECAUSE THEIR ALLEGATIONS ARE INSUFFICIENT TO STATE A LEGAL CLAIM ........................................................ 2

      POINT II

            THIS COURT SHOULD DENY PLAINTIFFS' REQUEST FOR LEAVE TO AMEND THEIR SAC .................................................................................. 5

CONCLUSION ....................................................................................................................... 6

CERTIFICATION .................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**                                                                                                        **Pages**

Dejesus v. HF Mgmt. Servs.,
    726 F.3d 85 (2013)...................................................................................................................3

Herrera v. Comme Des Garcons, Ltd.,
    84 F.4th 110 (2023)...............................................................................................................3

Jackson v. Wells Fargo Home Mortg.,
    811 F. App'x 27 (2d Cir. 2020) ............................................................................................5

Lundy v. Catholic Health Sys. of Long Island,
    711 F.3d 106 (2013)...............................................................................................................3

Musiello v. CBS Corp.,
    518 F. Supp. 3d 782 (2021) ..................................................................................................2

Nakahata v. New York-Presbyterian Healthcare Sys.,
    723 F.3d 192 (2013)...............................................................................................................3

**Statutes**

29 U.S.C. § 207(k) .........................................................................................................................1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

BRANDON KEENEY and WILLIAM PAYNE,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------------------X

DEFENDANT'S REPLY
MEMORANDUM OF LAW IN
FURTHER SUPPORT OF
MOTION TO DISMISS THE
SECOND AMENDED
COMPLAINT

25-cv-06933 (PAE)

## PRELIMINARY STATEMENT

Plaintiffs' opposition papers only confirm Defendant's central argument that their threadbare allegations in the Second Amended Complaint (hereinafter "SAC") cannot sustain their claims that Defendant violated the FLSA. Plaintiffs still fail to allege that they performed uncompensated work in excess of the 29 U.S.C. § 207(k) threshold in any work period. Plaintiffs' voluntary dismissal of their second cause of action for minimum wage violations[1] and third cause of action for failure to pay wages in a timely manner, underscores the weaknesses of their claims. Their overtime wage claims fare no better, and the SAC should therefore be dismissed.

---

[1] Plaintiffs state in a footnote in their opposition papers that they voluntarily dismiss their first cause of action for minimum wage violations, however their second amended complaint lists failure to pay overtime wages as the first cause of action and failure to pay minimum wages as their second cause of action. See SAC pp. 8, 9.

## ARGUMENT

### POINT I

### PLAINTIFFS STILL FAIL TO STATE A VALID CLAIM UNDER THE FLSA BECAUSE THEIR ALLEGATIONS ARE INSUFFICIENT TO STATE A LEGAL CLAIM

**A.     Plaintiffs Still Fail To State A Plausible Claim for Unpaid Overtime Compensation**

In support of their overtime wage claim, and in response to Defendant's moving papers, Plaintiffs confusingly cite several cases that undermine their claims and support Defendant's arguments.  For instance, Plaintiffs cite Musiello v. CBS Corp., 518 F. Supp. 3d 782 (2021) to show that their SAC is "well pleaded."  See ECF Dkt. No. 26 at p. 7.  The plaintiff in Musiello thinly alleged in support of her failure to overtime wages that "In the course of performing her duties, Plaintiff Musiello worked more than 40 hours per week beginning in or about 2015 and continuing until her separation . . . ."  Musiello, 518 D. Supp. at 794.  In  fact,  the Court dismissed Musiello's unpaid overtime claim because of the generalized nature of her claims.  Id.  Plaintiffs here allege, in similar fashion, "Mr. Payne and Mr. Keeney worked more than 212 hours in [a] 28-day work period, or a proportional number for shorter work periods, without being paid overtime wages . . . ."  See SAC ¶ 14.  "But as the Second Circuit has repeatedly emphasized, a generalized claim of a failure to pay overtime, unaccompanied by any allegation as to what specific workweek the plaintiff worked overtime . . . is insufficient."  Musiello, 518 D. Supp. at 794.  Plaintiffs do not cite to a specific work period in which the Plaintiffs worked, and were not paid overtime.  What is more, despite claiming they were not paid overtime, Plaintiffs then state that they did receive overtime pay: "Plaintiffs and the FLSA Collective were compensated for only 40 hours of work per week . . . and received overtime pay for certain additional hours at a rate of approximately $34-$40.50 per hour."  See SAC ¶ 15.  Plaintiffs'

2

generalized and conflicting allegations cannot support a claim for a failure to pay overtime wages, and therefore should be dismissed.

Plaintiffs also cite to Herrera v. Comme Des Garcons Ltd., 84 F.4th 110 (2023) in support of their claims. In Herrera, the plaintiffs alleged the following: (1) their regularly-scheduled hours consisted of five shifts a week; (2) each Plaintiff was assigned to either the "opening" shift, which was generally scheduled from 9:00am to 6:00pm or the "closing" shift which was generally scheduled from 10:15am to 7:00pm; (3) Plaintiffs worked through their lunch breaks; (4) at closing, Plaintiffs left the building either 8:00pm or later; (5) Plaintiffs were required to engage in 'post-work' duties, such as sending end-of-day reports and messaging clients, which required approximately five hours per week. Id. at 112. Additionally, in Herrera during a "seasonal changeover of merchandise," Plaintiffs were required to work two "thirteen-hour shifts" in a single week in addition to their base hours. Id. Here, Plaintiffs' complaint lacks this level of specificity. They claim that alleging "Indeed, there would be days when Plaintiffs and the FLSA Collective would arrive as early as 5:00 a.m. and would not be dismissed until 5:30 p.m. or later" is sufficient detail. This claim is vague and says nothing about whether or not the Plaintiffs worked more than 212 hours within a 28-day work period. The Plaintiffs' could have worked 5:00 a.m. to 5:30 p.m. for the first two weeks of their work period, and that still would not be enough to meet the overtime threshold. In using the standard of specificity required in Herrera, Plaintiffs' claims fail.

Plaintiffs cite Lundy v. Catholic Health Sys. Of Long Island, 711 F.3d 106 (2013) Nakahata v New York-Presbyterian Healthcare Sys., 723 F.3d 192 (2013), and Dejesus v. HF Mgmt. Servs., 726 F.3d 85 (2013), which all set forth the principle that plaintiffs must allege FLSA overtime claims with sufficient "specificity". See Herrera, 84 F.4th at 115. Plaintiffs'

3

allegations concerning Defendant's alleged failure to pay overtime wages are vague and confusing because while Plaintiffs claim to have worked a total of 240 to 280 hours, there is no indication as to which hours were paid, and which were unpaid.  Critically, Plaintiffs allege that they *have* received the overtime pay for certain additional hours at a rate of approximately $34-$40.50 per hour.  See SAC ¶ 15.

Plaintiffs also mischaracterize Defendants' arguments.  Plaintiffs' claim that Defendants argue that the pleading standard is for Plaintiffs is to "describe the types of tasks performed during their overtime hours."  See ECF Dkt. No. 26 at p. 6. This is incorrect. Defendants have shown that Plaintiffs' failed to provide specific factual information to support their claims, as in, among other things, the types of tasks performed, which may have nudged their claims from conceivable to plausible.  Plaintiffs' mischaracterization does not cure the defects in their SAC, and given their vague and generalized overtime wages claim, their SAC should be dismissed.

**B.    Plaintiffs' Claims For A Willful Violation Remain Conclusory**

Plaintiffs' SAC does not plausibly suggest that Defendant knew or recklessly disregarded its obligations under FLSA.  As discussed above, Plaintiffs fail to plead a FLSA violation, and a generalized allegation based upon hearsay ("an attorney for the firefighters' union acknowledge to Mr. Payne…that the issue of unpaid work was a 'global issue' at the FDNY"), does not come anywhere close to establishing that any alleged violation on the part of Defendant was willful or that there was reckless disregard.  Consequently, should there be a violation here (which there cannot be), a three-year limitations period is inapplicable.

4

**POINT II**

**THIS COURT SHOULD DENY PLAINTIFFS'
REQUEST FOR LEAVE TO AMEND THEIR
SAC**

Plaintiffs' request to amend their SAC represents a last-ditch effort to correct alleged "possible deficiencies." See ECF Dkt. No. 26 at p. 10. This Court should deny that request. Plaintiffs had three opportunities to cure any deficiencies with their complaint, and should not be granted a fourth bite at the apple. See Keeney, Payne v. City of New York, Index No. 150957/2025 NYSCEF Doc. No. 1; NYSCEF Doc. No. 16; ECF Dkt. No. 19. Plaintiffs have alleged no new facts that would cure the deficiencies of the SAC and therefore granting leave to amend would be futile. See Jackson v. Wells Fargo Home Mortg., 811 F. App'x 27, 30 (2d Cir. 2020) (affirming denial of leave to amend where plaintiff was granted one opportunity to amend and could not identify any new facts that would cure the deficiencies in her amended complaint). This Court should deny Plaintiffs' request for leave to amend and dismiss their claims with prejudice.

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in Defendant's initial moving papers, the Court should dismiss the Second Amended Complaint in its entirety, and grant Defendant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            April 15, 2026

                              Respectfully submitted,

                              **STEVEN BANKS**
                              Corporation Counsel of the City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-118
                              New York, New York 10007
                              (212) 356-2434


                              By:    /s/ *Karen K. Rhau*
                                     _____
                                     Karen K. Rhau
                                     Senior Corporation Counsel

6

## **CERTIFICATION**

I hereby certify that the enclosed brief is produced using 12-point Times New Roman type and the total number of words in the foregoing document including footnotes and exclusive of the caption, table of contents, table of authorities, and signature block, is 1,288 according to the "Word Count" function of Microsoft Word, the word processing system used to prepare the document, and thus that the document complies the word count limit set forth not to exceed 3,500 words, exclusive of the caption, table of contents, table of authorities, and signature block.

Dated:  New York, New York
April 15, 2026

*/s/ Karen K. Rhau*

Karen K. Rhau
Assistant Corporation Counsel